No. 11-17776

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLENE JUNE, Conservator for A.K.B., a minor and surviving son of ANTHONY EDWARD BOOTH, in his own right and on behalf of all statutory beneficiaries,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant-Appellee | **No. 11-17776**<br><br>D.C. No. CIV-11-00901-PHX-SRB District of Arizona, Phoenix<br>Hon. Susan R. Bolton |

### APPELLANTS' OPENING BRIEF

John P. Leader, Esq., Arizona State Bar No. 012511
**THE LEADER LAW FIRM**
698 East Wetmore Road, Tucson Arizona 85705
(520) 575-9040, Fax: (520) 575-9340, john@leaderlawaz.com
Counsel for Appellant

## Table of Contents

**Page**

Table of Authorities                                                      iv

Introduction—Summary of Argument                                          1

Statement of Jurisdiction                                                 2

Statement of the Issues                                                   3

Standard of Review                                                        3

Statement of the Case                                                     4

Statement of Facts and Procedure                                          4

Legal Argument                                                           16

    1.    Appellant's FTCA Claim Is Timely As A Matter
of Law Because it Was Filed Within Six (6)
Months of the Agency's Denial                                            16

    2.    The District Court Erred In Concluding that the
FTCA Statute of Limitations Is Jurisdictional                            17

    3.    The Doctrine of Equitable Tolling Can Be
Applied in FTCA Cases                                                    18

    4.    The District Court Erred In Refusing to Allow
Appellant to Amend His Complaint                                         19

Conclusion                                                               23

Certificate of Compliance with Federal Rule
of Appellate Procedure 32(a)(7)(B)                                       24

Certificate of Service                                                   24

Statement of Related Cases                                    25

Certificate for Brief in Paper Format                         25

**Table of Authorities**

## Cases

**Page**

*Arbaugh v. Y&H Corp.,* 546 U.S. 500, 511 (2006)    16, 17, 19

*Bailey v. United States,* 642 F.2d 344, 348 (9th Cir. 1981)    11, 12

*Bennett v. United States,* 803 F.2d 1502, 1504 (9th Cir. 1986)    11

*Botosan v. Paul McNally Realty,* 216 f.3D 827, 831
    (9th Cir. 2000)    10, 14

*Dalehite v. United States,* 346 U.S. 15, 24-25, 73 S.Ct. 956, 962,
    97 L.Ed. 1427 (1953)    11, 12

*Gonzalez v. Thaler,* _____ U.S. _____, 132 S.Ct. 641,
    648-52 (2012)    18

*Henderson ex rel. Henderson v. Shinseki,* ____ U.S. ____,
    131 S.Ct. 1197, 1206 (2011)    17, 18, 19

*Indian Towing Co. v. United States,* 350 U.S. 61, 68-69,
    76 S.Ct. 122 (1955)    12

*Jovanovich v. U.S.,* 813 F.2d 1035, 1037 (9th Cir. 1987)    8

*Leeson v. Transamerica Disability Income Plan,* ___ F.3d ___,
    2012 WL 171598, at *9 (9th Cir. 2012)    18

*Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039
    (9th Cir. 2002)    21

*Marley v. United States,* 567 F.3d 1030 (9th Cir. 2009)    16

*Massachusetts Bonding Co. v. U.S.,* 352 U.S. 128, 139 (1956)    11

*Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 732

(9th Cir. 2007)                                                                10, 14

*Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079
    (9th Cir. 1990)                                          21

*Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009)               21

*Owens v. Kaiser Found. Health Plan, Inc.,*  244 F.3d 708, 712
    (9th Cir. 2001)                                          21

*Payne v. Peninsula Sch. Dist.,* 653 F.3d 863, 870-71
    (9th Cir. 2011)                                          18

*Reed Elsevier, Inc. v. Muchnick,* ____ U.S. ____,
    130, S.Ct. 1237, 1244 (2010)                             17

*John R. Sand & Gravel Co. V. United States,* 552 U.S. 130,
    128 S.Ct. 750 (2008)                                     16

*Smith v. United States,* 507 U.S. 197, 201 (1993)                             20

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95
    (1998)                                                   16

*Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119
    (9th Cir. 2009)                                           3

*U.S. v. Winslow*, 962 F.2d 845, 849 (9th Cir. 1992)                            8

## Statutes and Regulations

| | |
|---|---|
| 18 U.S.C. §1346(b)(1) | 20 |
| 28 U.S.C. §1291 | 2 |
| 28 U.S.C. § 2401(b) | 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21 |
| 28 U.S.C. §2672 | 12, 14 |
| 28 U.S.C. §2673 | 13 |
| 28 U.S.C. §2675(a) | 11, 12, 13 |
| Fed.R.Civ.P., Rule 8(c)(1) | 16 |
| Fed.R.Civ.P., Rule 12(b)(1) | 15 |
| Fed.R.Civ.P., Rule 12(b)(6) | 1, 4 |

## Other Authorities

| | |
|---|---|
| Pub.L. No. 89-506, S.Rep. 1327, reprinted | 11, 12 |
| 2 U.S.Code Cong. & Admin.News 2515-16 (1966) | 11, 12 |

## Introduction—Summary of Argument

Appellant's FTCA lawsuit is timely under the applicable statute of limitations, 28 U.S.C § 2401(b), because that suit was filed within six (6) months of federal agency denial of Appellant's administrative claim. Although this argument was not raised in the District Court, it can be raised here because it is strictly a question of law.

The District Court erroneously granted the Defendant's Rule 12(b)(6) motion to dismiss Plaintiffs' Federal Tort Claims Act (FTCA) action, based on the erroneous conclusion that §2401(b), a claims processing rule, is "jurisdictional".

The District Court complicated its error that §2401(b) is "jurisdictional", by concluding that because §2401(b) is "jurisdictional", the doctrine of "equitable tolling" cannot apply. The doctrine of equitable tolling should apply.

The District Court also erred in concluding Appellant's Motion to Amend would be futile and in denying that motion.

Appellant asks this Court to: 1) find his FTCA suit timely as a matter of law under 28 U.S.C §2401(b), because suit was filed within six (6) months of

federal agency denial of his administrative claim;[1] 2) in the alternative, to find that §2401(b) is not jurisdictional, but rather, a claims processing rule; 3) to find that the doctrine of equitable tolling can and does apply in this FTCA case; 4) to reverse the District Court's order denying Plaintiff's Motion to Amend, and; 6) to reverse the District Court's order granting the Defendant's motion to dismiss.

## Statement of Jurisdiction

Appellant A.K.B. appeals a final judgment of the District Court entered November 1, 2011. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## Statement of the Issues

1.    Whether Appellant's FTCA lawsuit, which was filed within six (6) months of final agency denial of his administrative claim, is timely as a matter of law under 28 U.S.C. § 2401(b).

2.    Whether the district court erred in determining that 28 U.S.C. §2401(b)'s statute of limitations defense is jurisdictional.

3.    Whether the district court committed further error by concluding the doctrine of equitable tolling could not apply.

4.    Whether the District Court erred as a matter of law in concluding that amendment of Appellant's Complaint would be "futile" and in denying Appellant's Motion to Amend.

---

[1] If the Court accepts this argument, it need not address Appellant's other arguments.

2

5.    Whether the District Court erred as a matter of law in granting the Defendant's Motion to Dismiss.

### Standard of Review

This Court reviews questions of law *de novo*.[2]  Upon information and belief, all issues presented in this appeal are legal in nature.

### Combined Statement of the Case/ Statement of Facts and Procedure

On February 19, 2005, A.K.B.'s father died when a highway safety device approved for use by the Defendant failed, causing injuries that resulted in his the death of A.K.B.'s father.[3]

A.K.B. served his Administrative Form on the United States while still a minor, on December 20, 2010.[4]  Appellee's agency issued a formal written denial of Plaintiff's administrative claim on March 18, 2011.[5]    Appellant filed the instant action May 5, 2011, less than two (2) months later, and well within six (6) months of the agency's denial.

---

[2]  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009)

[3]  ER 1 at ¶¶9-14

[4]  ER 1 at ¶20

[5]  ER 1 at ¶24.

On July 11, 2011, before filing an Answer, Appellee moved to dismiss Appellant's complaint pursuant to Fed.R.Civ.P. 12(b)(6).[6]  Appellant filed his Response to the Motion to Dismiss on August 12, 2011.[7]

On that same date, August 12, 2011, Appellant moved to amend his complaint and lodged his First Amended Complaint with the District Court.[8]  On August 25, 2011, Appellee filed its Response to Appellant's Motion to Amend Complaint.[9]  On September 1, 2011, Appellant filed his Reply on his Motion to Amend.[10]

Appellant alleged in his First Amended Complaint, which was lodged in the district court August 12, 2011, that between the time of his father's death in February, 2005 and December 20, 2010, when Appellant's "Form 95" was filed, Appellee concealed material evidence that prevented Appellant from learning of his cause of action.[11]  Specifically, Appellant alleged:

(a) prior to the decedent's February, 2005 death, the United States was aware that the median barrier design in this case had not been properly crash tested, as required by FHWA rules and regulations;

(b) prior to the decedent's February, 2005 death, the United States was

---

[6]  ER 1 at ¶10.

[7]  ER 15

[8]  ER 13-14.

[9]  ER 17

[10]  ER 18

[11]  ER 1 at ¶18.

aware of numerous lawsuits filed against that the State of Arizona, based on the subject median barrier design;

(c) in these multiple lawsuits, no defendant ever named the United States as a "non-party at fault" or in any other way blamed the United States with respect to the design in question;

(d) in August, 2005, the subject median barrier was subjected to an NCHRP Report 350 crash test;

(e) the barrier failed this crash test;

(f) on September 12, 2005, the FHWA, knowing that the median barrier design at issue had not been crash tested and was not crashworthy, and knowing it had allowed this barrier to be installed in Arizona in violation of its own rules, issued a Memorandum, signed by FHWA employee John Baxter, indicating that the subject barrier was crashworthy and approved for use on the NHS, when in fact, it was not;

(g) that beginning in early 2007, the United States, citing the "Tuohy" regulations, refused to make its employees available for deposition in civil litigation against the State of Arizona involving the subject median barrier design;

(h) that by refusing to produce its employees for deposition, the United States (through the FHWA), perpetuated the incorrect and untrue notion that the subject design complied with federal rules and regulations;

(i) on April 29, 2009, employees of the United States, Federal Highway Administration, had their depositions taken;

(j) based on their deposition testimony, the Defendant acknowledged, for the first time, that the subject barrier was not crashworthy and had been approved for use in Arizona in violation of federal rules, regulations and policies; that based on the above, the statute of limitations on Plaintiffs' claims did not begin to run until April 29, 2009;

(k) in 2002, cable median barrier designs with 6" cable spacings and a top cable at 33" (which includes the design in question), were removed from the AASHTO Roadside Design Guide, in part due to lack of crash testing;

(l) prior to April 29, 2009, there was evidence that the State of Arizona, ADOT, misled the United States during the design and funding phases of the subject barrier into believing that the subject barrier design was crashworthy;

(m)  in 2004, ADOT concluded a study at the request of the Arizona Attorney General, showing that the subject design had failed over 100 times since its installation in 2000; assuming a similar failure rate through the present, this would amount to well over 200 failures;

(n) under Arizona law, the State of Arizona is legally responsible for the safety of the roadway in question, Interstate 10;

(o) in summary, prior to the death of Plaintiffs' decedent, the United States knew that it had approved a non-tested, non-crashworthy barrier for widespread installation in and around Phoenix, Arizona, in violation of its own rules and policies; by 2005, the Defendant was aware that this barrier was failing at a high rate and aware of multiple lawsuits against the State of Arizona involving the failure of this barrier and multiple unnecessary deaths and serious injuries; despite knowing that this barrier was untested, non-crashworthy and not in compliance with its own rules, the United States issued a public Memorandum, on Sept. 12, 2005, indicating that the design in question in fact was tested and crashworthy, when in fact, it was not; the public, Plaintiffs, their counsel and others relied on the Defendant's misrepresentations about the crashworthiness of the subject barrier; it was not until April 29, 2009, when FHWA employees John Baxter and Richard Powers were deposed, that the truth about the subject barrier became known; prior to April, 2009, the Defendant, using the Tuohy regulations as a shield, refused to allow its employees to be deposed, thus shielding discovery of the truth;

6

On November 1, 2011, the District Court granted Appellee's Motion to Dismiss.[12]  Judgment was entered against Appellant the same day, November 1, 2011.[13]

In dismissing Appellant's complaint, the District Court reasoned that the statute of limitations defense under 28 U.S.C. § 2401(b) is jurisdictional, accepting Appellee's argument.  The District Court also accepted Appellee's argument that equitable tolling is unavailable under the FTCA because the statute of limitations is jurisdictional.

The District Court denied Appellant's Motion to Amend, finding that amendment would be futile since it (the District Court) lacked jurisdiction and could not apply "equitable tolling".  The primary additions in the First Amended Complaint are factual allegations related to "equitable tolling".

Appellant timely filed his Notice of Appeal November 18, 2011.[14]

---

[12] ER 19.

[13] ER 20.

[14] ER 21.

## Legal Argument

1.  **Appellant's FTCA Claim Is Timely As A Matter of Law Because it Was Filed Within Six (6) Months of the Agency's Denial of His Administrative Claim**

The legal argument presented in this section was not raised in the district court. Issues that are pure questions of law may be raised for the first time on appeal. *Jovanovich v. U.S.*, 813 F.2d 1035, 1037 (9th Cir. 1987), *U.S. v. Winslow*, 962 F.2d 845, 849 (9th Cir. 1992). This Court may therefore consider the issue.

   *a.     An FTCA Action is Timely if the Plaintiff Meets Either of §2401(b)'s Two Prongs*

28 U.S.C. §2401(b) is the statute of limitations applicable to Federal Tort Claim Act suits. It provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues **or** [emphasis added] unless action is begun within six months after the date of mailing, by certified or regular mail, of notice of final denial of the claim by the agency to which it was presented.

Under §2401(b), an FTCA lawsuit is timely if one of two conditions is met: 1) suit is filed within six (6) months of the agency's written denial of a plaintiff's administrative claim, or; 2) suit is filed within two (2) years of the claim's accrual. Because the statute uses the term "or" instead of "and", FTCA suits are timely if either condition is met.

8

Here, the Federal Highway Administration, the agency on whom Appellant correctly served his claim notice, issued a formal written denial of Appellant's administrative claim on March 18, 2011. The instant lawsuit was then filed less than six (6) months later, on May 5, 2011. Because an FTCA suit filed within six (6) months of the agency's final written denial is timely, Appellant's claim is and must be timely, as a matter of law, under §2401(b).

A claimant/plaintiff can comply with one prong of §2401(b), but not the other. Here, for example, Appellant complied with the second prong of §2401(b) by filing suit within six (6) months of the agency's denial. For purposes of this example, Appellant assumes he did not comply with §2401(b)'s first prong – filing within two (2) years of accrual.

A claimant/plaintiff could do the converse, as well, that is, comply with the first prong of §2401(b) but not the second. A claimant could file her claim within two (2) years of accrual, meeting the first prong of §2401(b), but not file suit within six (6) months of agency denial.

Assume, for example, that a claimant was injured January 1, 2010 and filed her administrative claim February 1, 2010. Assume further that the agency issues a formal, final denial of said claim March 1, 2010 and that Plaintiff then files suit January 1, 2011. In this scenario, the plaintiff's FTCA suit is timely under the first prong of §2401(b), because she filed within two

**9**

(2) years of accrual, even though she fails §2401(b)'s second prong because she did not file within six (6) months of agency denial.

If a claim meeting §2401(b)'s first prong but not the second is timely, then a claim meeting §2401(b)'s second prong, but not the first, must also be timely.

Because Appellant A.K.B. filed his FTCA lawsuit within six (6) months of the agency's formal denial, his FTCA suit is timely.

> **b.** *Under Rules of Statutory Construction, A.K.B.'s Interpretation of §2401(b) Must Be Accepted*

"Statutory interpretation begins with the plain meaning of the statute's language. Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732 (9th Cir. 2007), citing *Botosan v. Paul McNally Realty*, 216 F.3d 827, 831 (9th Cir. 2000).

The language of §2401(b) is clear: an FTCA lawsuit is timely if, as here, suit is filed within six (6) months of the agency's final written denial of a plaintiff's administrative claim. It is undisputed that Appellant filed his FTCA suit within six (6) months of formal agency denial.

Appellant's interpretation of §2401(b) is consistent with the statutory

purpose of the Federal Tort Claims Act, which has been addressed in many opinions.

The administrative claims procedure was added to the FTCA in 1966. *Bailey v. United States*, 642 F.2d 344, 348 (9th Cir. 1981) (Jameson, dissenting). Significantly, citing the legislative history to the amendment, *Bailey* observes that the purpose of adding the administrative claims procedure was to provide for more fairness and equity to litigants:

> The purpose of the administrative claim requirement, 28 U.S.C. § 2401(b) and § 2675(a), which was added to the Federal Tort Claims Act (FTCA) in 1966, Act of July 18, 1966, Pub.L. No. 89-506, was to provide "for more fair and equitable treatment of private individuals and claimants when they . . . are involved in litigation with their government." S.Rep. 1327 reprinted in 2 U.S.Code Cong. & Admin.News 2515-16 (1966).

The central purpose of the Federal Tort Claims Act, passed in 1946, was:

> … to allow recovery against the United States on the basis and to the extent of recoveries for like torts committed by private tortfeasors in the State in which the act or omission giving rise to the claim against the United States occurred.

*Massachusetts Bonding Co. v. U.S.*, 352 U.S. 128, 139 (1956). Another "primary" purpose of the Act is to provide a forum for the resolution of claims against the federal government for injury caused by the government's negligence. *Bennett v. United States*, 803 F.2d 1502, 1504 (9th Cir. 1986), citing *Dalehite v. United States,* 346 U.S. 15, 24-25, 73 S.Ct. 956, 962, 97

L.Ed. 1427 (1953).  Yet another purpose of the Act is "to compensate the victims of negligence in the conduct of governmental activities in circumstances like unto those in which a private person would be liable …" *Bailey v. U.S.*, 623 F.3d 855, 868 (9th Cir. 2010), citing *Indian Towing Co. v. United States*, 350 U.S. 61, 68-69, 76 S.Ct. 122 (1955).

In summary, Congress' main purpose in passing the Federal Tort Claims Act was "to allow recovery against the United States".  The more specific purpose of the administrative claim requirement, 28 U.S.C. § 2401(b) and § 2675(a), which was added to the Federal Tort Claims Act (FTCA) in 1966, Act of July 18, 1966, Pub.L. No. 89-506, was to provide "for more fair and equitable treatment of private individuals and claimants when they . . . are involved in litigation with their government." S.Rep. 1327 reprinted in 2 U.S.Code Cong. & Admin.News 2515-16 (1966).  *Bailey,* 642 F.2d at 348.

The administrative claims procedure is an important part of the federal civil litigation process and it gives significant autonomy to federal agencies in resolving claims that their employees were negligent.  Again, this autonomy was given to ensure "more fair and equitable treatment" of claimants.

This autonomy includes the ability to negotiate and settle claims without litigation.  Under 28 U.S.C. § 2672, agency heads or their designees

**12**

have authority to settle or adjust claims without formal litigation.[15]

This autonomy also includes the option whether to even respond to a claim notice, and agencies are not required to respond. Because agencies have the option of not responding, 28 U.S.C. §2675(a) provides that the "… failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."[16]

As the Court knows, under 28 U.S.C. § 2675(a), a claimant is required to serve an "administrative claim" before he can file an FTCA district court action. Significantly, however, neither 28 U.S.C. §2675(a) nor any other statute places any time limits on when administrative claims must be presented.[17] The only time limit related to claim notices is contained in the first prong of §2401(b), which requires that FTCA suits be filed either within

---

[15] Under 28 U.S.C. § 2673, agencies must report all §2672 settlements to Congress.

[16] If a claim is denied by operation of law under §2675(a) due to the absence of an agency response, the only way suit can be timely under §2401(b) is by filing within two years of accrual. Section 2401(b)'s second prong only applies where, as here, there has been "a mailing, by certified or regular mail, of notice of final denial of the claim …"

[17] Under §2401(b), FTCA *lawsuits* are untimely if not filed within two years of a claim's accrual *and* if not filed within six (6) months of agency denial. There is no 2-year requirement, or any other requirement for when claim notices must be served.

two years of a claim's accrual or within six (6) months of agency denial.

Most, if not all agencies have counsel who often respond to claims. If the agency chooses to respond, it can attempt to resolve claims under 28 U.S.C. §2672. Or (as happened here), the agency has the option of simply issuing a formal denial. Or it can do nothing.

Once a formal denial is sent, however, §2401(b) gives claimants six (6) months from that date, regardless of when the claim accrued, to file suit. This is true even if the claim would otherwise potentially be time barred.

Appellant's reading of §2401(b) is entirely consistent with the statutory purposes of the administrative claim requirement, which is to provide "for more fair and equitable treatment of private individuals and claimants when they . . . are involved in litigation with their government." Interpreting §2401(b) any other way would thwart the purpose of the amendment.

In conclusion, the statutory language of §2401(b) is clear: if a claimant files his FTCA suit within six (6) months of the agency's denial of his claim, his FTCA suit is timely. Because Appellant's reading of §2401(b) is consistent with the FTCA statutory scheme, "the plain language of the statute is conclusive and the judicial inquiry is at an end." *Molski*, 481 F.3d at 732, *Botosan*, 216 F.3d at 831. Appellant A.K.B.'s FTCA lawsuit was timely as a matter of law under §2401(b) because it was filed within six (6) months of

14

agency claim denial.

**2.     The District Court Erred In Concluding that the FTCA Statute of Limitations Is Jurisdictional**

Should this Court not be persuaded by Appellant's first argument, it should still reverse and remand.

The District Court dismissed Appellant's Complaint because it concluded – wrongly – that §2401(b) is jurisdictional rather than being a waivable defense.

> *a.     The District Court Erred in Concluding §2401(b) is "jurisdictional"[18]*

Even if the District Court were correct that Appellant's claim was untimely on its face, it erroneously concluded that §2401(b) is "jurisdictional", as opposed to a "claims processing" rule.

Appellee argued that because Appellant's claim was untimely on its face, the district court no longer had jurisdiction and had to dismiss under Rule 12(b)(1), Fed. R. Civ. P.  Under Appellee's view, equitable tolling is unavailable under the FTCA because the statute of limitations is jurisdictional

_____

[18] Much of the reasoning set forth in this section is based on the Feb. 16, 2012 ruling by the U.S. District Court Judge Frederick Martone in *Dunlap v. United States*, CV 11-01360-PHX-FJM.  *Dunlap* is a companion case to the instant litigation, but Dunlap is not a "related" case as defined by the Court's rules.

and if the district court lacks subject-matter jurisdiction, it cannot even hear the case and must dismiss before reaching the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

The District Court's conclusion that the FCTA statute of limitations is jurisdictional was based in large part on *Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009).[19] *Marley*, based on Ninth Circuit cases and the Supreme Court's opinion in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 128 S. Ct. 750 (2008), concluded that the § 2401(b) statute of limitations is jurisdictional. 567 F.3d at 1035-38.

*Marley*, however, was decided before several more recent U.S. Supreme Court cases addressing statutes similar to §2401(b). These cases, discussed below, demonstrate a strong trend toward deeming statutes like §2401(b) to be non-jurisdictional.

As a preliminary matter, statute of limitations defenses can be waived by failing to raise them as a defense under Rule 8(c)(1). Subject-matter jurisdiction, in contrast, is not waivable.

The U.S. Supreme Court has recently discussed courts' misuse of the term "jurisdiction". *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006).

---

[19] Appellee did not cite *Marley* in its Motion to Dismiss. Appellant's counsel voluntarily cited *Marley* as adverse authority in his Response to the Motion to Dismiss. ER 15, at pages 5-6.

To determine whether a federal statute's prerequisite for relief is jurisdictional, *Arbaugh* employed a "readily administrable bright line" rule. *Id*. at 515-16.  *Arbaugh* concluded that Title VII's fifteen employee requirement was not jurisdictional. *Id*.

In *Reed Elsevier, Inc. v. Muchnick*, __ U.S. __, 130 S. Ct. 1237, 1244 (2010), the Court distinguished between "jurisdictional prescriptions and claim processing rules."  *Reed Elsevier*, like *Arbaugh*, reviewed 1) the statutory language to determine if it clearly states that the limitation is jurisdictional, 2) the statute's organization, to determine if the provision at issue is located in the jurisdiction-granting portion of the statute, and 3) whether other factors suggest the requirement was intended to be jurisdictional.

*Reed Elsevier,* based on these factors, held that § 411(a) of the Copyright Act, which requires registration of a copyright claim, was not jurisdictional. 130 S. Ct. at 1244-48.

In *Henderson ex rel. Henderson v. Shinseki*, __U.S. __, __, 131 S. Ct. 1197, 1206 (2011), the Court used this same approach and held that a 120-day deadline for filing a notice of appeal was not jurisdictional. *Shinseki* reiterated that claim-processing rules "should not be described as

jurisdictional," noting that "[f]iling deadlines …*are quintessential claim-processing rules*." [emphasis added].  131 S. Ct. at 1203.

In *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648-52 (2012), the Court applied a similar analysis and found that a *habeas* petitioner's requirement to obtain a certificate of appealability is not jurisdictional.

This Court has applied *Arbaugh*, *Reed Elsevier*, and *Shinseki* to determine whether certain statutes are jurisdictional or merely a claim-processing rule.  In *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 870-71 (9th Cir. 2011), this Court, sitting *en banc*, held that the exhaustion requirement in the Individuals with Disabilities Education Act was a claim-processing rule, overruling its earlier decisions that classified the requirement as jurisdictional.

In *Leeson v. TransmericaDisability Income Plan*, __ F.3d __, 2012 WL 171598, at *9 (9th Cir. 2012), this Court stated that *Arbaugh, Reed Elsevier, and Shinseki* "compel[] [it] to conclude that participant status is an element of an ERISA claim, not a jurisdictional limitation," overruling prior cases holding that ERISA participant status is a "prerequisite to federal court subject matter jurisdiction." *Id*.  The *Leeson* panel found that Supreme Court precedent was so "clearly irreconcilable" with its prior decisions addressing the jurisdictional effect of ERISA that it applied an exception to the general

rule that a panel may not overrule a prior panel opinion. *Id*. at *8 (citation omitted).

The post-*Marley* decisions from both this Court and the U.S. Supreme Court discussed above strongly suggest that the *Arbaugh* analysis, if applied to determine whether §2401(b), would indicate that §2401(b) is not jurisdictional.  As noted above, the Supreme Court has described filing deadlines like §2401(b) to be "quintessential claim-processing rules,"

Part of the *Arbaugh* analysis includes determining whether there is a clear indication that Congress intended a rule to be jurisdictional. *Shinseki*, 131 S. Ct. at 1203. The text of section 2401(b) does not "speak in jurisdictional terms or refer in any way to the jurisdiction" of the district courts. *Shinseki*, __ U.S. __, 131 S. Ct. at 1204 (citation omitted).  The language of § 2401(b) is similar to that examined in *Shinseki*, which was determined to be non-jurisdictional.  The same should also be true of §2401(b).

Moreover, §2401(b)'s placement within the FTCA does not reveal an intention that the filing requirements be jurisdictional.  The jurisdictional portions of the FTCA state that:

> [s]ubject to the provisions of chapter 171 of this title, the district courts. . .  shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for. . . personal injury or death

**19**

caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred 28 U.S.C. § 1346(b)(1).

This is the section of the FTCA that "waives the sovereign immunity of the United States for certain torts." *Smith v. United States*, 507 U.S. 197, 201 (1993). There is no reference to time limits.

Section 2401, where the statute of limitations is contained, is titled "time for commencing action against United States." It appears in chapter 161, which is titled "United States as party generally." It is not jurisdictional.

In light of the authorities discussed herein, the District Court's conclusion that § 2401(b) is "jurisdictional" was error.

### 3.     The Doctrine of Equitable Tolling Can Be Applied in FTCA Cases

The District Court believed it could not apply the doctrine of equitable tolling because it concluded that §2401(b) is "jurisdictional". For the reasons discussed above, § 2401(b) is not "jurisdictional", meaning equitable tolling can apply.

If the Court is not persuaded that A.K.B.'s first argument – that his claim is timely under §2401(b) – the Court should remand this matter so that the District Court can apply equitable tolling.

20

**4.     The District Court Erred In Refusing to Allow Appellant to Amend His Complaint**

Because §2401(b) is not jurisdictional and because the District Court should have applied equitable tolling, the District Court erred in concluding it would have been "futile" for Appellant to amend his Complaint.   To the contrary, most of Appellant's allegations relevant to "equitable tolling" are set forth in the First Amended Complaint, which is part of the record. [20]

Requests for leave to amend should be granted with "extreme liberality".   *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009), *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).   "When a viable case may be pled, a district court should freely grant leave to amend. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  Here, because the additional allegations contained in the First Amended Complaint state a viable case for equitable tolling.  The District Court should have permitted amendment.

---

[20]  ER 13-14.

21

## Conclusion

Appellant's FTCA lawsuit is timely under the second prong of 28 U.S.C § 2401(b) because suit was filed within six (6) months of federal agency denial of Appellant's administrative claim.  The language of this statute is clear and Appellant's reading of it consistent with statutory purposes of the administrative claims procedure.  This Court should reverse the District Court's order dismissing this action with an instruction that the action is timely as a matter of law under the second prong of 28 U.S.C §2401(b).

If this Court is not persuaded by Appellant's first argument, it should reverse the District Court's erroneous conclusion that §2401(b) is a jurisdictional statute.  Under more recent decisions, statutes like §2401(b) must be treated as mere claims processing rules.

If this Court is not persuaded by Appellant's first argument, it should also reverse the District Court's erroneous conclusion that "equitable tolling" cannot apply and remand with instructions to apply that doctrine.  This Court should also reverse the District Court's erroneous decision denying Appellant's Motion to Amend and order that the motion be granted.

**DATED** this 7th day of May, 2012.

/s/ John P. Leader
John P. Leader
Counsel for Appellant

**22**

## Certificate of Compliance with
## Federal Rule of Appellate Procedure 32(a)(7)(A)

This brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A). The brief is 27 pages in total.

**DATED** this 7th day of May, 2012.

/s/ John P. Leader
John P. Leader
Counsel for Appellant


## Certificate of Service

I hereby certify that I electronically filed the foregoing brief with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system on this 7th day of May 2012. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF service.

**DATED** this 7th day of May, 2012.

/s/ John P. Leader
John P. Leader
Counsel for Appellants

## Statement of Related Cases

Counsel for Appellants is unaware of any related cases, as Ninth Circuit Rule 28-2.6 defines related cases.

**DATED** this 7th day of May, 2012.

> /s/ John P. Leader
> John P. Leader
> Counsel for Appellant

## Certificate for Brief in Paper Format
## 9th Circuit Case No. 11-17776

I, John P. Leader, certify that the written version of this brief is identical to the version submitted electronically on May 7, 2012, and that copies of the written version of this brief were mailed on this same date to the following:

- Ann E. Harwood, Esq., U.S. Attorney's Office, District of Arizona, 40 N. Central Ave., Ste. 1200, Phoenix, AZ 85004, Phone: (602) 514-7500, Fax: (602) 514-7760, e-mail: Ann.Harwood@usdoj.gov, Attorney for Defendant-Appellee.

- Brian P. Goldman, Esq., U.S. Department of Justice, 950 Pennsylvania Ave., NW – Rm 7214, Washington, DC 20530, (202) 514-4815, Fax: (202) 514-9405, Brian.P.Goldman@usdoj.gov, Attorney for Defendant-Appellee.

**DATED** this 7th day of May, 2012.

> /s/ John P. Leader
> John P. Leader
> Counsel for Appellant